IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR155 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| KEITH PAGE, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 76, 77).  See Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

## FACTUAL BACKGROUND

The Defendant violated his pretrial release.  One of the conditions of the Defendant's pretrial release was that he reside at all times at CH, Inc. ("CH") after his release to that facility on August 2, 2007.  On August 7, 2007, the Defendant was authorized to leave CH at 8:45 a.m. for an employment search.  By 12:30 p.m. on the same date, the Defendant failed to return to CH as directed.  (Filing No. 62.)  The Defendant was found at his girlfriend's apartment after a job interview.  (Filing No. 76.)

The PSR has a base offense level of 26.  Paragraph 26 reflects a 2-level upward adjustment pursuant to U.S.S.G. § 3C1.1 for obstruction of justice, supported by the statements in ¶¶ 18 and 19 of the PSR.  The PSR does not include a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

The government objects to ¶¶ 18, 19 and 26 (obstruction of justice).  The Defendant objects to ¶ 26 (the obstruction of justice) and ¶ 28 (lack of downward adjustment for acceptance of responsibility).  The Defendant also refers to the issue of the sentencing guidelines that will take effect on November 1, 2007, regarding crack cocaine, and states briefly that, because of the Defendant's age and learning disability that his criminal history is overstated.

## DISCUSSION

The parties' objections to ¶¶ 18, 19 and 26 are granted.  Although the Defendant's violated of his pretrial release was improper, the facts and circumstances surrounding the violation do not warrant the imposition of an adjustment for obstruction of justice.  Because obstruction of justice will not apply, the Defendant should receive credit for acceptance of responsibility in ¶ 28.  Also, in light of the guideline amendments due to take effect on November 1, 2007, the base offense level is 24.  Without an upward adjustment for obstruction of justice and with a 3-level downward adjustment for acceptance of responsibility, the total offense level is 21.  With placement in criminal history category III, the Defendant's guideline range is 60 months, his statutory minimum.  To the extent that the Defendant raises a motion for downward departure based on overstatement of criminal history, the motion is denied as moot.

IT IS ORDERED:

1. The government's Objections to the Presentence Investigation Report (Filing No. 76) are granted;

2. The Defendant's objections to the Presentence Investigation Report (Filing No. 77) are granted;

3. The Defendant's motion for downward departure (Filing No. 77) is denied as moot;

4. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

5. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

7. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 15th day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge